UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD KIMMIE, | ) | CASE NO. 5:10 CV 71 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JUDGE JOHN R. ADAMS, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

On January 14, 2010, *pro se* plaintiff Edward Kimmie filed this *Bivens*[1] action against United States District Judge John R. Adams. In his complaint, plaintiff alleges Judge Adams issued incorrect decisions in *Kimmie v. Wilkerson*, No. 1:06 CV 1302 (N.D. Ohio dismissed Jan. 31, 2008) (Adams, J.). In this case, Kimmie seeks damages he believes would have been awarded had he received a favorable judgment in *Kimmie v. Wilkerson*.

## Background

Kimmie's hand-written pleading is often illegible and difficult to decipher. He states he was the plaintiff in *Kimmie v. Wilkerson*, No 1:06 CV 1302 (N.D. Ohio dismissed Jan. 31, 2008) (Adams, J.). He objects to the final decision in the case, and the filing fee he was ordered to pay for his appeal. *Kimmie v. Wilkerson* was dismissed, without prejudice, on January 31, 2008 for failure to perfect service. Kimmie claims a clerk, the Ohio Attorney General, and several Sixth Circuit Court of Appeals Judges covered up errors in the decision to dismiss his case without prejudice and the assessment of the filing fee. He contends service

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 383 (1971).

of the complaint was adequate to satisfy Rule 4 of the Federal Rules of Civil Procedure.

## Analysis

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

Judicial officers are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure of potential damages. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. Plaintiff alleges no facts to show that either of these criteria has been met in this case.

The determination of whether an action is performed in the defendant's judicial capacity depends on the "nature" and "function" of the act, not on the act itself. *Mireles*, 502

U.S. at 13; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Looking first to the "nature" of the act, the court must determine whether it is a function generally performed by a judge. *Stump*, 435 U.S. at 362. This inquiry does not involve a rigid scrutiny of the particular act in question, but rather requires only an overall examination of the judge's alleged conduct in relation to general functions normally performed by judges. *Mireles*, 502 U.S. at 13. Second, an examination of the "function" of the act alleged requires the court to assess whether a party dealt with the judge in his judicial capacity.

It is evident on the face of the pleading that Judge Adams was acting in his judicial capacity at all times that the conduct alleged in plaintiff's complaint occurred. The issuance of judicial orders pertaining to dismissal of an action or assessment of filing fees are all actions normally and routinely performed by United States District Court Judges. Furthermore, Kimmie dealt with Judge Adams only in his judicial capacity. Plaintiff cannot overcome the broad application of judicial immunity under these criteria.

Judicial immunity can also be defeated when the conduct alleged, although judicial in nature, is taken in the complete absence of *all* jurisdiction. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116 (emphasis added). When the immunity of the judge is at issue, the scope of the judge's jurisdiction is to be broadly construed. *Stump*, 435 U.S. at 356-57. A judge cannot be deprived of immunity even if the taken action was erroneous, malicious, or in excess of his authority. *Id.* Actions taken in the complete absence of all jurisdiction are those acts which clearly fall outside the subject matter jurisdiction of the court over which the judge presides. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985); *see also Barnes*, 105 F.3d at 1122.

In the present case, there are no allegations set forth in the complaint which

even remotely suggest that Judge Adams clearly acted outside of the subject matter jurisdiction of the federal district court. Judges of the United States District Court have original jurisdiction to hear cases which assert violations of the United States Constitution or federal statutes. To the extent Kimmie believes the decision rendered in Case No. 1:06 CV 1302 was an incorrect interpretation or application of the law, his remedy is an appeal of that decision. Kimmie appears to recognize his proper recourse was to the appellate courts, as he filed appeals to the United States Sixth Circuit Court of Appeals and later to the United States Supreme Court. The decision of the District Court was upheld in both instances, and upon the Supreme Court's March 2, 2009 denial of Kimmie's petition for certiorari, the action became finally closed. A civil rights action is not an extension of the appellate process, and Kimmie may not relitigate the earlier action here. Moreover, Judge Adams is entitled to absolute immunity in this matter.

**Conclusion**

This action is dismissed pursuant to 28 U.S.C. §1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: January 27, 2010

                                               **HONORABLE SARA LIOI**
                                               **UNITED STATES DISTRICT JUDGE**

---

[2] 28 U.S.C. § 1915(a)(3) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.